United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 06-20632
_____

HALLIBURTON COMPANY BENEFITS COMMITTEE, In Its Capacity as Plan
Administrator of the Halliburton Energy Services, Inc. Welfare
Benefits Plan, including its constituent benefit program, the
Dresser Retiree Life and Medical Program; HALLIBURTON CO;
HALLIBURTON ENERGY SERVICES INCORPORATED WELFARE BENEFITS PLAN

Plaintiffs - Appellants

v.

JAMES GRAVES; PHIL GRIFFIN; PAUL M BRYANT, individually and as
representatives of a requested class of all similarly situated
persons

Defendants - Appellees

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
No. 4:04-CV-280

_____

ON PETITION FOR REHEARING EN BANC

(Opinion 8/30/06, 5th Cir., Halliburton Co. Benefits Comm. v.
Graves, 463 F.3d 360)

Before KING, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:

Treating the Petition for Rehearing En Banc as a Petition

for Panel Rehearing, the Petition for Panel Rehearing is DENIED.

No member of the panel nor judge in regular active service of the

court having requested that the court be polled on Rehearing En

1

Banc (FED. R. APP. P. and 5TH CIR. R. 35), the Petition for Rehearing En Banc is DENIED.

Having carefully considered the petition for rehearing, we clarify that this decision results from and is limited to the specific language used in the corporate documents involved in the Halliburton-Dresser merger.  For the reasons stated in the panel opinion, this court held that section 7.09(g)(i) of the merger agreement amended the Dresser retiree medical plan to obligate Halliburton and Dresser to maintain the Dresser retiree medical plan for eligible participants "except to the extent that any modifications thereto are consistent with changes in the medical plans provided by [Halliburton] for similarly situated active employees."  This is not a case, for example, in which an acquiring company limited a benefit continuation covenant to a specified time period or included an express statement that the merger agreement was not intended to modify or amend any particular plan.  We express no view on whether such language would successfully limit the application of ERISA or a plan participant's right to sue.

Similarly, this is not a case that involved a provision seeking to vest plan benefits.  Because section 7.09(g)(i) conditions the rights of the participants under the Dresser retiree medical plan on Halliburton's maintenance of benefits for similarly situated active employees, it gives the plan sponsor the ability to amend or terminate the plan, consistent with the

2

condition.  Should the provision simply have stated that the plan would be "maintained," without any exception allowing the plan sponsor to amend or terminate the plan, the vesting analysis in our decision might be different.  Relatedly, we express no view on how the other plans mentioned in section 7.09(g) of the merger agreement would fare under our analysis, as those provisions of the merger agreement and the complete records for those provisions, plans, and any related agreements are not before us.